# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. BECK,<br><br>　　　　Plaintiff,<br>vs.<br><br>WELLS FARGO HOME MORTGAGE, N.A.; et al.,<br><br>　　　　Defendants. | CASE NO. 10-cv-2150 BEN (NLS)<br><br>ORDER GRANTING DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS<br><br>[Docket No. 4] |

Before the Court is Defendant Wells Fargo Home Mortgage, N.A.'s ("Wells Fargo's") motion to dismiss ("Motion") Plaintiff's Complaint in the above-captioned case. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This action relates to a foreclosure on investment real estate located at 4887 Bella Pacific Row in San Diego, California ("Property"). Plaintiff alleges he entered into a repayment plan with Wells Fargo under which he paid $6,000 to Wells Fargo. *Compl.*, ¶¶ 16-17. Plaintiff alleges he entered into a repayment plan in order to postpone the foreclosure sale and received verbal assurance from a Wells Fargo employee that, in light of the payment, the foreclosure sale would be postponed. *Id.*, ¶ 17. Wells Fargo does not dispute that it received and accepted the $6,000 payment, but claims that the payment was merely a partial payment for past due amounts and that no repayment plan or forbearance agreement exists. (P & A, p. 5.) Wells Fargo claims it was, therefore, entitled to foreclose on the

1  Property.

2  On October 15, 2010, the case was removed to this Court. Plaintiff's Complaint includes
3  causes of action for promissory estoppel, wrongful foreclosure and declaratory relief. This Court has
4  jurisdiction based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446.

5  On October 22, 2010, Wells Fargo filed the Motion currently before the Court. (Docket No.
6  4.) Plaintiff filed an opposition, and Wells Fargo filed a reply. (Docket Nos. 9, 12.)

7  ## DISCUSSION

8  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual
9  allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp.*
10 *v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must
11 state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter
12 complained of. *Id.* at 556. The Court evaluates whether a complaint alleges a cognizable legal theory
13 and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain
14 statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not
15 require 'detailed factual allegations,'... it [does] demand[ ] more than an unadorned, the-defendant-
16 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.----, 129 S.Ct. 1937, 1949 (2009)
17 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). That is, "a plaintiff's obligation to provide
18 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
19 recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan
20 v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]'
21 devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).
22 Applying this standard here, the Court finds that Plaintiff's complaint is legally insufficient to state
23 any claim for relief against Wells Fargo.

24 ### I. FIRST CAUSE OF ACTION: PROMISSORY ESTOPPEL

25 Plaintiff's first cause of action is for promissory estoppel. To state a claim for promissory
26 estoppel, Plaintiff must sufficiently allege: (1) a clear and unambiguous promise; (2) reliance; (3)
27 substantial detriment; and (4) resulting injury. *Poway Royal Mobilehome Owners Assn. v. City of*
28 *Poway*, 149 Cal. App. 4th 1460, 1471 (2007). "[T]he doctrine of promissory estoppel is used to

1  provide a substitute for the consideration which ordinarily is required to create an enforceable
2  promise." *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 672-73 (1974).

3  The Court first addresses reliance and detriment. "[D]etrimental reliance is an essential feature
4  of promissory estoppel." *Healy v. Brewster*, 59 Cal. 2d 455, 463 (1963). Here, Plaintiff alleges two
5  instances of detrimental reliance. First, Plaintiff alleges he made a payment of $6,000 to Wells Fargo
6  in order to defer the foreclosure process. (Compl., ¶¶ 17, 20, 27-28.) Based on the allegations of the
7  Complaint and judicially noticeable documents,[1] however, Plaintiff was already legally obligated to
8  make this payment to Wells Fargo and Plaintiff admits the payment was not made to reinstate the loan.
9  (Compl., ¶¶ 11, 16-17, 20; RJN, Exs. A, B.) Therefore, any payment that Plaintiff purportedly made
10 to Wells Fargo did not constitute detrimental reliance for purposes of promissory estoppel. *See also*
11 *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1039 ("a gratuitous oral promise to postpone a
12 foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable.");
13 *Raedeke*, 10 Cal.3d at 673 (same).

14 Second, Plaintiff alleges he detrimentally relied on Wells Fargo's promise to delay foreclosure
15 by entering into a binding agreement to sell the Property to a third party. (Compl., ¶¶ 18-20.) Based
16 on the Complaint, however, the sale agreement was entered into before any promise was made by
17 Wells Fargo. *Id.* Therefore, Plaintiff cannot claim detrimental reliance based on the sale agreement.
18 *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 59 (1988) (a "hopeful expectation that a loan
19 agreement would eventually be reached was simply that: an expectation. The Bank's manifestation
20 of assent never materialized; and no agreement was ever formed. Under such circumstances, the Bank
21 was under no legal obligation or commitment to make a long-term loan.").

22 As Plaintiff has failed to allege enough facts to raise a reasonable expectation that discovery
23 will reveal evidence of detrimental reliance, the Court dismisses Plaintiff's first cause of action, with
24 leave to amend. The Court does not address Defendant's arguments regarding whether a clear and
25 unambiguous promise exists or whether the statute of frauds applies, as those issues are moot.

---

[1] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2008) )(in ruling on a motion to dismiss, a court may consider certain materials such as documents attached to the complaint or incorporated by reference therein, or matters of judicial notice).

## II. SECOND CAUSE OF ACTION: WRONGFUL FORECLOSURE

Plaintiff's second cause of action alleges wrongful foreclosure. A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness. *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (citing *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989)). Without pleading tender or the ability to tender, a plaintiff cannot seek to set aside a foreclosure sale. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971) (citing *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901)). Here, Plaintiff's Complaint lacks any allegation of tender or ability to tender. Therefore, the Court dismisses this claim, with leave to amend. The Court does not address Defendant's argument regarding substitution of trustee, as that issue is moot.

## III. THIRD CAUSE OF ACTION: DECLARATORY RELIEF

Plaintiff's third cause of action seeks a judicial declaration finding that the doctrine of promissory estoppel barred the sale of the Property by Wells Fargo and that Wells Fargo's trustee lacked authority to conduct the sale. (Compl., ¶ 37.) This requested relief is the same relief sought by Plaintiff under the first and second causes of action, respectively. Accordingly, it is redundant. *California Ins. Guarantee Assn. v. Superior Court*, 231 Cal. App. 3d 1617, 1624 (1991) ("The object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."). For the same reasons those claims fail as stated above, the Court finds they fail under the third cause of action as well. Accordingly, the Court dismisses the third cause of action, with leave to amend.

## CONCLUSION

In light of the above, the Court **GRANTS** Wells Fargo's motion to dismiss. Plaintiff may file an amended complaint, if he chooses to do so, **no later than December 20, 2010.**

**IT IS SO ORDERED.**

DATED: 12/09/10

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE